THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ELÍAS CONROIG VÁZQUEZ, Defendant and Appellant.

No. 9275. Argued March 20, 1942.—Decided March 25, 1942.

*Carlos Santana Becerra* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The District Attorney of San Juan filed an information against Elías Conroig Vázquez, charging him as follows:

"The district attorney charges Elías Conroig Vázquez, domiciled in . . . . imprisoned in the District Jail of San Juan, with the

subsequent offense of robbery (felony), committed in the following manner: Said defendant, Elías Conroig Vázquez, one day in the month of September, 1941, in San Juan, Puerto Rico, which forms part of the judicial district of San Juan, P. R., did unlawfully, wilfully, maliciously, and feloniously take a case containing some eyeglasses, valued at more than ten dollars, belonging to Carlos García, from whom he stole them then and there.—The undersigned district attorney alleges that said defendant Elías Conroig Vázquez, on or about March 1, 1935, was sentenced by the District Court of San Juan to ten years' imprisonment in the penitentiary, which sentence is final and has not been either reversed or annulled, or set aside."

The trial took place on January 14, 1942. The defendant personally appeared, assisted by counsel, and the People was represented by the district attorney. The jury was impaneled. The evidence was heard and the jury, upon the case being submitted, rendered the following verdict: "We find the defendant guilty of a subsequent offense of grand larceny." The accused himself requested that sentence be pronounced immediately and the court sentenced him to ten years' imprisonment in the penitentiary at hard labor.

Two days afterward the defendant took the present appeal, the record being sent up without including the transcript of the evidence. He urged in his brief that the trial court erred in convicting him on a void verdict, as the same was based on an information "which failed to allege facts sufficient to constitute the offense of robbery"; in sentencing him pursuant to a verdict that was void, as it was rendered for an offense other than the one charged; and in convicting him on a verdict which was substantially defective.

In his argument under the first assignment of error the appellant maintains, in our judgment correctly, that the information filed for robbery fails to allege facts sufficient to charge that offense, inasmuch as it was not alleged therein that the taking of the case was accomplished against the will of its owner and by means of force or intimidation. Section 238 of the Penal Code.

But although that is so, as the information alleges facts sufficient to charge the offense of grand larceny, it was not error for the court to hold the same sufficient. The error indicated is one of form and not of substance. The substance is to be found, not in the title, but in the averments.

In *People* v. *Canals,* 48 P.R.R. 775, this court held: "What is essential in informations or complaints is not the name which may be given to the offense, but the facts charged. Thus, when the facts set forth show the commission of a crime and it has been erroneously designated as another offense, the information or complaint is not fatally defective." The same doctrine was upheld in *People* v. *Rodríguez,* 46 P.R.R. 525.

██ The other two errors assigned, as we have seen, are directed against the verdict, and it is urged that technically there is no offense whatever in the Code designated as "subsequent robbery" or "subsequent grand larceny," and that the jury failed to comply with the law—§ 285 of the Code of Criminal Procedure—which provides that:

"Whenever the fact if (of) a previous conviction of another offense is charged in an information, the jury, if they find a verdict of guilty of the offense with which he is charged, must also, unless the answer of the defendant admits the charge, find whether or not he has suffered such previous conviction. The verdict of the jury upon a charge of previous conviction may be: 'We find the charge of previous conviction true' or, 'We find the charge of previous conviction not true,' as they find that the defendant has or has not suffered such conviction."

Nearly forty years ago this court, in *People* v. *Cristy,* 9 P.R.R. 521, laid down the rule that "objections to verdicts should be made in the trial court in order to give it an opportunity to correct any defects which may exist therein."

Here not only is there no showing that the accused made any objection to the verdict in the court below, but it appears that after the verdict had been returned and received

by the court, the defendant requested the latter to forthwith pronounce sentence upon him.

It is true that the jury failed to strictly adhere to what the law prescribes, as they should have done, but in the absence of any timely objection, the form adopted by them might be considered as a substantial compliance with the statute. Title IV of the Penal Code deals with "Subsequent Offenses." The first paragraph of §56 thereof reads as follows: "Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary commits any crime after such conviction, is punishable therefor as follows: . . ."

There is not involved an offense different in its essential elements from the one presently charged, but an offense committed after the defendant has been convicted of another crime: a circumstance which is alleged, proved, and taken into account only for the purpose of the imposition of the penalty fixed by law.

What the information does is to bring to the consideration of the jury and of the court not only the commission of the offense which springs from the facts charged against the accused, but also the circumstance that the latter is a second offender, such recidivism being governed by the said provisions—§§56 and 61—of the Penal Code, or by the applicable special law, as in prosecutions for adulteration of milk. Act of March 10, 1910, Penal Code (1937 ed.), p. 258.

For all the foregoing reasons, even though we admit that the procedure followed in this case was erroneous, we must and do hold that the errors committed fail to show that any injustice has been done to the accused. The latter was charged with the commission of an act which really constitutes an offense and, moreover, with the circumstance of being a second offender. Upon the evidence introduced by the prosecution, the jury found the defendant guilty of said act, and that the circumstance in question was present, and the court

rendered judgment and sentenced him to a penalty within the statutory limits.

No sufficient ground exists for a reversal. The appeal must be denied and the judgment appealed from affirmed.

Mr. Justice Travieso did not participate herein.